## Joseph Baker, Jr. *vs.* John Wentworth & al.

The *stat.* of 1835, *c.* 194, for the preservation of fish in *Penobscot Bay* and *River* and their tributary waters, forbids all persons, under penalties, either to take fish, or to impede their passage " in weirs," from sundown on *Saturday*, until sunrise on *Monday*, although the fish may have entered into the weir before the commencement of that time.

**Debt** by the plaintiff, as a fish warden of the town of *Orrington*, to recover of the defendants, owners of a fish weir in *Penobscot River*, for the penalties imposed by the *stat.* 1835, *c.* 194, for the preservation of fish in the *Penobscot* waters, for keeping the gate of the weir open at an unlawful time, and for taking fish at a time forbidden by the law. At the trial, before **Weston** C. J., it appeared, that on *Saturday, May* 21, 1836, after sundown, the defendants had opened the gate of their weir, but that they had put boards across the passage way, the entrance to the weir being closed previously, which prevented the free passage of fish. The jury found, that the defendants took from their weir on *Saturday* night, after sunset, fifty shad which had entered the weir before sunset, and that they took therefrom no fish which had entered after sunset. There was no way of securing the shad which had entered the weir before sundown, but by interposing the boards across the passage until the tide had so far ebbed that they might be taken.

The counsel for the defendants insisted, that they had a right to take after sunset the shad that had entered before, and that in so doing, or in interposing the boards across the passage way as a means necessary for the exercise of this right, the entrance to the weir being closed, they incurred no penalties whatever. The Chief Justice instructed the jury, that if the testimony was believed, the penalties were incurred. If this instruction was erroneous, the verdict for the plaintiff was to be set aside.

*Rogers* argued, that the objection made at the trial was well taken, and fatal to the action. The instruction was therefore wrong. He cited *Coolidge* v. *Williams*, 4 *Mass. R.* 140 ; *Freary* v. *Cooke*, 14 *Mass. R.* 488; *Melody* v. *Reab*, 4 *Mass. R.* 471; *Gibson* v. *Jenney*, 15 *Mass. R.* 205; *Whitney* v. *Whitney*, 14 *Mass. R.* 88; *Holbrook* v. *Holbrook*, 1 *Pick.* 248.

*Poor*, for the plaintiff, argued in support of the ruling at the trial, and insisted, that the construction put upon the statute by the defendants was a virtual repeal of it. He cited opinion of the Court, 7 *Mass. R.* 523; *Melody* v. *Reab*, 4 *Mass. R.* 471; 2 *Cowen*, 419; 2 *Inst.* 611.

The opinion of the Court was drawn up by

WESTON C. J. — The statute under consideration of 1835, *c.* 194, was made for the preservation of the kinds of fish, therein mentioned. And it is to receive a reasonable construction, in furtherance of that public and beneficial object. The second section positively requires that the gate of the weir should be kept open, during the period, when the passage of the fish was not to be impeded. By the fourth section, the owners of weirs are at liberty to take fish between sunrise on *Monday*, and sunset on *Saturday* in each week. Whatever could be secured within this period, are lawfully taken for their use. From sunset on *Saturday* to sunrise on *Monday*, the law forbids them under penalties, either to take fish or to impede their passage " in weirs." The terms of the statute are too plain and clear in our judgment, to justify the construction, for which the counsel for the defendants contends.

*Judgment on the verdict.*